## RECOVERY BY ATTACHMENT OF PERCENTAGE ON SALES.

Circuit Court of Cuyahoga County.

THE NORTHERN OHIO GAS APPLIANCE COMPANY V. H. H.
HALLETT.

- Decided, May, 1909.

*Attachment Claim for Commissions— Ground For.*

An attachment will lie on the ground that the claim is for work and
labor, when it appears that the attaching creditor's claim is for
commissions under an arrangement whereby plaintiff was to be
allowed a certain percentage in sales made by him, although he
had no employment requiring him to devote any part of his time
to the business of making sales.

*John H. Smart*, for plaintiff in error.
*White & Crosser*, contra.

WINCH, J.; HENRY, J., and TAGGART, J., concur.

The sole question in this cause is whether an attachment will
lie on the ground that the claim is for work and labor when it
appears that the attaching creditor's claim is for commissions
under an arrangement whereby he was to be allowed a certain
percentage on sales made by him, but had no employment re-
quiring him to devote any part of his time to the business of
making sales.

We see no reason why an attachment should not be allowed in
such cases; the work performed in making the sales on which
the commission was claimed need not be compensated by fixed
wages in order that the claimant may have an attachment. Such
was the ruling in the case of *Lewis* v. *Dawson*, 6 C. C., 243,
where a manufacturer's agent employed on a salary of $20 per
month and five per cent. on all sales made by him, was held to
be entitled to a preference as to his claims under Section 3206*a*,
Revised Statutes, providing that laborers and employes shall
first be paid when their employer becomes insolvent, and an
assignee, receiver or trustee is appointed to administer his
estate.

So the federal courts have held that one who works by the piece is entitled to priority under the bankruptcy act which provides that "wages" due workmen for services, earned within three months before proceedings in bankruptcy, shall be paid first. *In re Gurewitz*, 121 Fed. Rep., 982.

It is generally conceded that if an architect also superintends the construction of a building, and the drawing of plans and superintendence are both parts of one contract, he may have a lien to secure him both for his superintendence and the preparation of plans. *Treadway & Marlatl, Ohio Mechanic's Lien Law*, Section 35, and cases cited. It will be remembered that architects are usually compensated for their services on a percentage basis.

The mechanic's lien law is for the benefit of those who perform work or labor.

The analogy of the case at bar to the cases cited is apparent enough to justify the conclusion that the same rule should be applied in all of them upon the contention here involved.

Judgment affirmed.